Chernoff, J.
The plaintiff, Omrao Brown (“Brown”) brought this action against his former employer defendant Nortel Networks Inc. (“Nortel”) after Nortel allegedly wrongfully denied the payment of certain stock options that Brown received in an option grant from Nortel’s predecessor in interest, Bay Networks, Inc. (“Bay Networks”). Nortel now moves to dismiss Count IV of the plaintiffs first amended complaint, which alleges a violation of the Wage Act, G.L.c. 149, §§148 and 150. For the reasons set forth below, the defendant’s motion is DENIED.
Background
Accepting as true the factual allegations contained in Brown’s first amended complaint and any inferences therefrom, the material facts for the purposes of this motion are as follows.
In or about July 1997, Bay Networks hired Brown as a Hardware Engineer. A year later, Brown was promoted. In addition to the promotion, Bay Networks, in a letter dated July 17, 1998, said Brown would, “subject to Board approval [] receive an option to purchase 750 shares of stock under the Bay Networks, Inc. 1994 Stock Option Plan.” In or about May 1999, Brown noticed that these stock options did not appear on his option statement. When he inquired as to the problem, the human resources manager told him that the problem would be fixed. The problem was not fixed. Sometime after, Bay Networks merged into Nortel Networks. Still the problem was not solved. In the winter of 1999, the value of Bay Network stock options declined with the market. Nortel offered Brown additional stock options, in addition to the original option grant, to compensate Brown for the loss of value of the Bay Network option grant caused by the delay. This offer was contingent on Brown accepting a different anniversary vesting date. The change in the vesting dates was significant; it meant that Brown went from being vested in some part of his original stock options to not being vested. Brown, therefore, rejected the offer. Subsequently, Brown left Nortel on June 23, 2000. Nortel claimed that the anniversary vesting date for his original option grant was December 16, 1999 arid not July 17, 1998. As a result, Nortel refused to make any payment to Brown in regards to the original option grant. Brown filed a complaint with the Office of the Attorney General in August 20, 2001. On August 24, 2001, that office granted Brown the authority to file the instant civil complaint.
Discussion
When evaluating the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiff s favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim *545 which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). A complaint also should not “be dismissed because it asserts a new theory of liability . . . because ‘it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader’s suppositions.’ ” New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 30 (1988) (citations omitted).
The Wage Act, G.L.c. 149, §148 requires, among other things, that an employer pay in full the wages of any discharged employee on the day of discharge. See Massachusetts v. Morash, 409 U.S. 107, 109 (1989). According to the statute, the term “wages" includes holiday or vacation payments due on the date of discharge. G.L.c. 149, §148. The defendant argues that the stock options in question are not “wages” and are therefore, outside the protection of the Wage Act. The plaintiff asserts that the stock option grant was a “clearly defined part of [Brown’s] compensation” and as such falls within the Wage Act.
The court believes it is premature at this procedural stage for a judicial determination on whether Brown’s stock options, whether vested or unvested, are wages for the purposes of Wage Act protection. The issue of stock options as a wage is clearly an emerging issue, and subject to ongoing litigation in manyjurisdictions. The appellant courts of Massachusetts have not yet weighed in on this issue; however, and given this lack of precedent, this Court believes it premature to close a potential avenue of recovery to the plaintiff. If this Court was the trial judge, I would let the issue go to the jury, reserving the right to take the decision away after verdict. In sum, the defendant has failed to show that Count IV of the plaintiffs complaint alleges no set of facts which would entitle the plaintiff to relief under G.L.c. 149, §§148 and 150.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Nortel Networks Inc.'s motion to dismiss Count IV of the plaintiff Omrao Brown’s Complaint is DENIED.